(155 App. Div. 451.)

SMITH v. LUCKENBACH et al.

(Supreme Court, Appellate Division, Second Department.   February 28, 1913.)

1. SHIPPING (§ 86*)—INJURIES—JURY QUESTION—NEGLIGENCE.
    Evidence in an action for a stevedore's death by falling through a hatch *held* to make it a jury question whether the shipowner was negligent in furnishing defective apparatus so as to cause the accident.
    [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 343, 353–360; Dec. Dig. § 86.*]

2. SHIPPING (§ 86*)—DISMISSAL.
    Where the question of contributory negligence in a stevedore's action for injuries by falling through a ship hatch was for the jury, it was error to dismiss the complaint.
    [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 343, 353–360; Dec. Dig. § 86.*]

3. SHIPPING (§ 84*)—CHARTERS—INJURY TO STEVEDORE.
    Where a shipowner undertook in a charter party to maintain the ship in a thoroughly efficient state in hull and machinery during her voyage, the charter party would not absolve him from liability for injury to a stevedore by a defect in a hatch plank.
    [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 342, 349–351; Dec. Dig. § 84.*]

Appeal from Trial Term, Kings County.

Action by Mary Smith, as administratrix, against Edgar F. Luckenbach individually and as executor.   On reargument on plaintiff's appeal from a judgment dismissing the complaint.   Reversed, and new trial granted.

See, also, 137 N. Y. Supp. 1144.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

William C. Beecher, of New York City, for appellant.

E. Clyde Sherwood, of New York City (Peter S. Carter, of New York City, on the brief), for respondents.

JENKS, P. J.   This action is for negligence, and the appeal is from a judgment that dismissed the plaintiff at the close of her case.   The plaintiff's intestate, a stevedore, was killed when at work in the defendants' ship.   As he stood upon a starboard hatch plank and attempted to remove a port hatch plank, this starboard hatch plank gave way, and carried the intestate down into the hold.   The construction of the hatch included a wooden fore and aft piece which extended lengthways with the ship.   There were rims or rabbets in the piece as well as around the sides of the hatch, and the hatch planks rested normally upon these rims at right angles to the fore and aft piece.   When the plaintiff closed her case, there was proof that as the plaintiff went about this work this fore and aft piece "craned" and "wobbled," and thereupon the plank fell.   This sustains the theory of the plaintiff that the fall was due to a departure of this fore and aft piece from its proper position at right angles to the plank upon which the intestate stood, so that thereby its support of the plank was taken away.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There was proof that the hatch planks in position barely touched the corners of the fore and aft piece, that the piece itself did not fit into its sockets very tightly, in that its ends were worn so as to play sideways towards the port side for a space variously estimated from one-half of an inch to two inches. I think it is possible that one might stand upon a starboard plank thus supported, and yet by his motion in reaching over to remove a port plank disturb such a fore and aft piece so that it would "crane" or "wobble," and thus remove its support from that plank. There was proof, also, that this fore and aft piece had been in use for more than 1½ years.

[1] At this stage of the case, I think that the jury could have found that the cause of the accident was defective apparatus of the ship, and that such defect was attributable to the negligence of the defendants.

[2] For this reason, and for the further reason that the alleged contributory negligence of the intestate could not then in any event be disposed of as a matter of law, I think that the dismissal of the plaintiff was reversible error. The Rheola (C. C.) 19 Fed. 926; The Elton, 83 Fed. 519, 31 C. C. A. 496; The Yoxford (D. C.) 33 Fed. 521; The Red Jacket (D. C.) 110 Fed. 224; Anderson v. The Ashebrooke (C. C.) 44 Fed. 124; Leyland v. Holmes, 153 Fed. 557, 82 C. C. A. 511.

[3] The charter party did not absolve the defendants from liability for such a defect, if otherwise culpable, inasmuch as the defendants undertook therein to maintain the ship in a thoroughly efficient state in hull and machinery during her voyage. See Connors v. King Line, 98 App. Div. 261, 90 N. Y. Supp. 652; The King Gruffydd, 131 Fed. 189, 65 C. C. A. 495. We express no opinion upon the ultimate liability, but confine ourselves to the question of the propriety of the dismissal.

The judgment is reversed and a new trial is granted, costs to abide the event. All concur.